Good morning, Your Honors, and may it please the Court, Dale Ogden for Roberto Yepez. I'll try to reserve two minutes of my time for rebuttal and I'll watch my clock. Mr. Yepez sought compassionate release principally citing a sentence he served in excess of the sentencing court's intent. But the district court below found that this was not the type of thing that compassionate release could remedy. Rather, he had to do so under a 2241 petition. That's wrong under this court's decisions in Chen and Roper and its precursor, Arruda. At this point, the issue appears to be mootness, specifically whether or not the supervised release or the compassionate release statute can reduce supervised release. So I'll turn to that unless the modifying the supervised release. And couldn't Mr. Yepez at any time go back to the district court and under Section 3583, I think it's E. I'm not sure. I can't read my own writing. C, maybe, and go back and just make a motion to modify a supervised release based on the fact that he's, you know, previously been released and is eligible for that? At a certain point, Your Honor, he could do that. You do. I believe the statute requires that you wait one year. Mr. Yepez is not. Isn't there a provision where you don't have to wait a year? There's two provisions, right? There are numerous provisions. I'm not. That requires the year. And then there's the other one that says you can make a motion for a reduction in conditions, which I think has been interpreted to also allow a reduction in term. But in any case, he's only a few weeks away from hitting the year. I believe it's going to be the end of March. And I understand the concern, Your Honor. I think this sort of echoes something that the government has raised in different contexts, that there are other vehicles for this request. It's 2255, 2241, that type of thing. But this Court has rejected those arguments in Chen and Roper is, I think, a good example of rejecting that argument. Just because Congress has provided one avenue of relief does not exclude other statutes from that avenue of relief. The problem is it's very odd to pursue a claim for compassionate release when he is already released. So the other cases used said you could maybe make a compassionate release argument in another vehicle that's also about release. I mean, habeas would also be about release. But here you're trying to use something about release to deal with something that's about supervised. It's called release, but it's not really. It's after release, right? So there's a mismatch here that I don't think those other cases had. Well, I think part of the problem is we colloquially say compassionate release. I mean, it's reducing terms, right? And I think this comes directly into what both the Second Circuit and the Seventh Circuit have held in Chestnut and Von Vader, that the compassionate release statute could reduce supervised release. I mean, the compassionate release could reduce a term in the sense that if there's a health reason that you don't want someone in a prison, you might send them home and have some other kind of sentence, right? But that's not the concern here, right? The concern is more about, it's not about health or the conditions of the prison or anything that would lead to the release. It's about some calculation. And at this point, he's out anyway. So this mootness thing seems very prominent. Well, and I think that's precisely why it's not moot in a way is because of this. When you're sentencing, it's that we're served in excess of what the court wanted or in excess of the correct guidelines. In every other context, this court has said that's not moot, right? If there's an incorrect guidelines calculation, for example, and you over serve that, those arguments can still result in a lower SR term. So if there's a legal argument that this really was wrong, I think you have a problem because it should have been brought in habeas in a different jurisdiction. If you have just an argument that what was meant and so there's an equitable problem, it seems like that could be maybe a compassionate release argument, but he's already released. So now go bring that equitable argument in just any time for the supervised release. I understand the court's concerns. I just think that just because there's two vehicles of relief, right? Roper does a good job of explaining this as to why you don't need to go the habeas route. But just because Congress has created more than one avenue of relief doesn't mean that it's precluded in one setting. I guess I'm confused about why you care. Like why is it better to be standing here today making this argument about compassionate release when you could instead go seek a change of a supervised release separately? Well, I understand the practical concern. I think practically speaking in early SR revocation or early SR like termination requests, I think usually what district courts find themselves asking are different questions. I think the legal standard is something about like the conduct on SR. Practically speaking, courts are concerned with practical things like does the defendant have a job that makes reporting on SR difficult or things like that. Usually I think we're asking ourselves fundamentally different questions in that context. But there's no limit, right? There's no limit on supervised release that says you can't make this argument. No, there's not. And I understand the court's concern. But I would just submit that just because there's different avenues of relief doesn't mean that this is inappropriate. I guess I still am not... Is there a reason why it is better for your client for you to be here today saying it this way rather than in district court today saying it the other way? Well, I mean, my first argument would have been the one-year provision. I understand the court's mentioning that there are cases interpreting the corollary statute that might not have that limitation. Obviously, at the time this is filed, he did have time remaining on his sentence. And at the time I filed the opening brief, that was also true. At this point... He originally filed pro se. In the district court, correct. District court. So that's why... And originally when he filed, he was in prison. Correct. Serving his sentence. Right. And that's when I filed the... So the transfer, the district court's transfer saying you should do a habeas in the district where you're serving your sentence wasn't wrong, right? I mean, I think that was legally incorrect under Chen and Roper. Okay. That's what's all moot now. You don't want to concede that. No. Well, I don't think it's moot for the same... And I think if this court were to find this moot in this context, the court is going to be in tension with the Second and Seventh Circuit cases that I cite. Chestnut in the Second Circuit talks about the normal rule that this court applies in other contexts that arguments for a shorter overall sentence could result in the court lowering the SR term. I think the Seventh Circuit in Von Vader is even clearer because the Seventh Circuit in their release motion, even though that defendant had completed that term, right? There was a separate term that wasn't affected. But even though he had completed that term, the case wasn't moot, right? So that was necessary to the holding. So I think holding that from this court, which this court never has, would sort of create a non-existent circuit split. Do you want to reserve your time? Yes. Thank you, Your Honors. Good morning, Your Honors. David Freedman from the United States. May it please the court. I agree that the central question here is mootness. In our view, this is relatively simple. 3582 C1A does not allow a reduction in the supervised release term. It says you can reduce a term of imprisonment, not a term of supervised release. And there's another vehicle that defendant can use to make this exact same claim. He can pursue a reduced term of imprisonment, in early termination motion, under 3583 E1. He will be eligible, I believe, on March 7th. He was released March 7th, 2023. The standard is, is it in the interest of justice? I think there would be nothing preventing him from making this exact same equitable argument. There's also a second provision, 3583 E2, which allows you to reduce or modify your conditions of supervised release. I think he could move for that now. And at a minimum, that would allow him to, if he wanted to ask to remove all his conditions, there would be nothing that would stop him. How do you respond to the opposing counsel's argument that, if we were to rule that he couldn't challenge the length of his supervised release under the compassionate release provision, that we would be in tension with the Seventh Circuit and the Second Circuit? So, I agree there's a little bit of tension because both the Second Circuit and the Seventh Circuit seem to just assume you can use 3582 C1 to reduce the compassionate release term. I think if the court looks at those opinions, there's no real analysis of the issue. There's no analysis of the text. It's just, it's very, there's, it's kind of one sentence in each opinion. We assume that. The Second Circuit ended up dismissing that particular petition as moot. The Seventh Circuit, I think, affirmed on the merits. So, I think if, if those courts were confronted with this issue, I'm not sure they would reach the same results. And again, I think the only really reasoned decision I've seen on this issue is the merit unpublished disposition from this court, which gives several, I think, very persuasive reasons why you can't use 3582 C1 to reduce the term of supervised release, you know, going from the title of the statute, which is about imprisonment, the fact that it refers to a reduction in term of imprisonment, the fact that there's another vehicle. I think another consideration here is there's, there's an exhaustion requirement. And while someone like Mr. Yepes was able to exhaust, if someone in the future was out of custody and sought to reduce their term of supervised release, there would be no warden to send the request to. And that's something this court found meaningful in Fowler and also Pinheiro, which was, Pinheiro was actually a case where someone was out of custody. And this court said, you can't use compassionate release. And I, I agree with Judge Friedland, there's no real prejudice to dismissing this claim or, you know, affirming it. There's, there's another vehicle available to defendant. I, from what I can tell, it seems like a lesser standard. He doesn't have to show extraordinary circumstances, exceptional circumstances. He can just show it's in the interest of justice. And there's no reason to sort of contort the language of 3582 C1. This isn't like Chen, where if, you know, the defendant can't get relief, he's out of luck, he's going to be in prison. He has to hope for clemency to get out of this sentence. There's another vehicle available. We don't, we don't need the, you know, the quote, safety valve of, of compassionate release here. So for all of those reasons, we, we do think the claim here is moot. If you'd like me to address the merits, I'm happy to do that. Any further questions? No. Okay. All right. Thank you. Then I'll submit it in our briefing. Thank you. Thank you very much. Thank you, your honors. I think what my, my friend on the other side almost admitted was that that tension would, would be a circuit split, right? With the second and seventh circuits. I, I think what... The cases really don't have reasoning though. So it's not like we can say, oh, we're so persuaded by how they thought about it, right? They are brief. Most of the reasoning in, in this context is brief. But that doesn't mean it's, it's not precedential. But we're not bound by them. I mean, we can be persuaded to agree with them, but they didn't really give us anything to be persuaded by. Well, I understand the concern. I suppose my only point is that that does create the circuit split in the first instance. Especially because the, that, you know, I know we can debate over how necessary the second circuits reasoning was to its decision, but the seventh circuits case is pretty clear that that's part of the holding. That's why that case wasn't moved. It seems like if I'm understanding the claims there correctly, they were more of the nature, like there really was a legal error here. And I think your stronger argument is equitably something has gone wrong. Not really that there's a legal error. So I'm not sure those cases are really on all fours. Well, and I do, I mean, I do agree that our, our core argument is this, is this equitable idea of serving a sentence beyond what the court meant. And that's in a way sort of the core of a lot of these motions, right? And Chen was stacked 924C sentences, which was correct under that existing law. Or Roper was an incorrect career offender designation. All those resulted, even though they were correct at the time or something, all those resulted in, you know, excessively long sentences, at least from the district court's perspective. And this, what this court has done is remand for the court to consider those reasons in the first instance, right? We're not asking this court to find anything extraordinary and compelling. We're just saying that's the court's call to make in the first, in the first instance. And the court never did so here. So unless the court has any other questions, I'd ask to reverse and remand to reconsider. All right. Thank you very much, thank you.
judges: WARDLAW, FRIEDLAND, SUNG